Fiske v. Breeden.

EUGENE A. FISKE v. WILLIAM BREEDEN.

*January 20, 1881.*

ATTORNEY-GENERAL.      (1) *Office of, vacant.*

1.  Ever since the adjournment of the last session of the territorial legislature, the office of attorney-general has been, and still is vacant.

    *Held*, therefore, that no action can be maintained by one who claims to be, but is not, attorney-general, against one who is alleged to have been wrongfully introduced into such office and to have wrongfully received fees as such officer.

Appeal from the District Court of Santa Fe county.

The facts appear in the opinion of the court.

*Eugene A. Fiske, pro se.*

1. The plaintiff was at the time this cause accrued, attorney-general of New Mexico: Organic Act of New Mexico, Sept. 9, 1850 (9 United States Statutes, p. 449); Rev. Statutes U. S., secs. 1858, 1841 and 1857; Art. 2, sec. 3, Constitution of the United States; Pascal's Annotated Constitution U. S., p. 182; Act relative to Jesuits, 20 U. S. Stats., p. 280; Pascal's Annotated Constitution of United States Statutes, p. 174, note 198; Rev. Statutes of New Mexico, sec. 23, Act February 28, 1862, pp. 86, 88; *Id.*, secs. 4 and 5, art. 6, chap. 10, pp. 82, 84; Session Laws N. M., sec. 2, Act Jan. 8, 1874, p. 16; Rev. Statutes N. M., Act 1854, pp. 628, 744; *United States v. Kirkpatrick*, 9 Wheaton, 734; *United States v. Kirkpatrick*, 4 Sawyer, 593; *Cate v. Rose*, 2 Duval (Ky.), 244; *People v. Bain*, 6 Cal., 509; *Peppin v. State*, 2 Sneed., 45; 4 Op. Atty.-Genl. U. S., p. 523; *Clinton v. Englebrecht*, 13 Wall., 446; *Miners' Bank v. Iowa*, 12 How., p. 8; 5 Op. Atty.-Genl., 525; *Beebe v. Robinson*, 52 Ala., p. 66.

2. It is admitted that plaintiff was present in court and offered to perform the duties of attorney-general at the time the cause of action accrued to plaintiff.

3. The performance of the duties of an office by an intruder, does not impair the right of the true incumbent to the emoluments of the office. The salary of an office is incidental to its title and not its occupancy. An officer *de jure* can collect fees received by an officer *de facto*, though the latter performs the services. Payment to an officer *de facto* is no bar to recovery by the party legally entitled: *Carroll v. Siebenthaler*, 37 Cal., 193; *People v. Miller*, 34 Mich., 458, 9 Am. Reps., 131; *State v. Tate*, 70 N. C., 161; *Dorsey v. Smyth*, 28 Cal., 21; *Mayfield v. Moore*, 53 Ill., 428, 5 Am. Rep., 521; *Mayor and Aldermen of Memphis v. Woodward*, 60 Tenn., A. D. 1874; *Dodd v. Weaver*, 34 Tenn. (2 Sneed.), 673; *Pearce v. Hawkins*, 2 Swan (Tenn.), 80; *People v. Tann*, 3 Barb., 193.

*T. B. Catron* and *H. L. Waldo*, for appellee.

The appellant relies upon the claim that he is attorney-general of the territory of New Mexico, and as such is entitled to recover the fees and compensation received by appellee for services (such as are usually performed by the attorney-general), performed by appellee under an appointment by the court below. Appellant is not, and was not attorney-general, or entitled to any fees or compensation as such: Opinion of Chief Justice Prince, *ante*, p. 49; *Fiske v. Rogers*, 1 Mont., Revised Statutes U. S., secs. 1857 and 1858.

If the appellant was the attorney-general, he still would have no cause of action against the appellee. The fees and moneys received by appellee were for services performed by him upon an appointment by the court; he did not assume or claim to be attorney-general; he was not an usurper of or intruder into that office. He was simply appointed to perform certain services, on account of which the appellant has no claim. There was no privity between the appellant and

appellee upon which to base an action of assumpsit by the appellant against the appellee : 1 Chitty, 99.

BRISTOL, Associate Justice : Eugene A. Fiske, the appellant, was the plaintiff below, and William Breeden, the appellee, was the defendant below.

The plaintiff below sued the defendant in an action of assumpsit to recover the value of certain fees which the plaintiff claimed the defendant had received as attorney-general by appointment of the court, the plaintiff claiming that he was attorney-general, and entitled to the fees aforesaid, on the ground that the defendant had wrongfully received said fees as attorney-general, as he had been wrongfully introduced into the office by means of such appointment.

The material facts were agreed upon between the parties as evidence, and submitted to the court below for judgment thereon, and judgment was entered in favor of the defendant.

In the case of *The Territory v. Joseph Stokes and William Mullen*, *ante*, p. 49, in which the question as to who, if any one, was attorney-general, we decided at a previous day of this term among other things that said Fiske was not attorney-general, and in effect that ever since the adjournment of the last session of the territorial legislature, the office of attorney-general has been and still is vacant. The facts agreed upon in that case and this case, so far as the right of said Fiske to the office is concerned are substantially the same.

These facts are specifically stated in the opinion of the court in that case, and will not be repeated here.

For the reason stated in the opinion of the court in that case, based upon said facts, we hold in this case that the said plaintiff is not entitled to recover, and that the judgment for the defendant in the court below ought to be sustained.

Judgment below affirmed with costs.